UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| EDWIN H. HUGHES, single man; Pro Se, | |
|---|---|
| Plaintiff, | NO. CV-06-5063-EFS |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, ENTERING JUDGMENT IN DEFENDANTS' FAVOR, AND CLOSING FILE** |
| FLUOR HANFORD, INC. a Washington corporation; HANFORD ENVIRONMENTAL HEALTH FOUNDATION, a Washington corporation; UNITED STATES OF AMERICA, by and through the Department of Energy; 004 OCAW, a labor union; SHAANTI LAWRENCE, a single female; DANNY R. LOWE, and JANE DOE LOWE, husband and wife and marital community thereof; LARRY SMICK, and JANE DOE SMICK, husband and wife and marital community thereof; JOHN DOES NOS. 1-10, | |
| Defendants. | |

Before the Court, without oral argument, are several dispositive motions filed by Defendants (Ct. Recs. 21, 27, 35, 52, & 58) and a motion filed by Plaintiff Edwin Hughes asking the Court to dismiss Defendants' motions (Ct. Rec. 49). Notwithstanding the Court's prior attempts to assist Mr. Hughes in obtaining counsel (Ct. Rec. 74), Mr. Hughes is proceeding *pro se*, and he failed to file a response to the pending motions. Although failure to file a response can be considered consent

ORDER ~ 1

to entry of an adverse order under Local Rule 7.1(h)(5), the Court considers the merits of the motions after reviewing the submitted material and relevant authority.  For the reasons given below, the Court denies Plaintiff's motion, grants Defendants' motions, and dismisses this case.

## I.    Plaintiff's Motion to Deny Dismissals of Defendants from Civil Action (Ct. Rec. 49)

Plaintiff's motion, in its entirety states:

All Defendants are guilty of the general allegations they are accused and Plaintiff has evidence, both written documents and from creditable witnesses.

All Defendants are guilty of negligent infliction and/or intentional inflection [sic] of emotional distress and plaintiff has evidence in both written documents and from creditable witnesses.

No Defendant should be dismissed from this civil case as Plaintiff will clearly prove to the court and a jury that all of Plaintiffs' [sic] allegations are true and the Defendant's [sic] actions are reprehensible.

Evidence will be mainly in the form of witnesses, communications documents, medical documents, policies, procedures and laws.

(Ct. Rec. 49.)  Plaintiff's motion fails to identify legal authority upon which the Court should grant his motion to dismiss.  Accordingly, the Court denies Plaintiff's unsupported motion and reviews below the merits of Defendants' motions.[1]

///

---

[1]    The defense motions primarily involve legal issues to which Plaintiff need not have presented evidence to oppose.  However, the Court notes that Plaintiff never presented any evidence to the Court in opposition to the motions.

ORDER ~ 2

**II.  Defendants Browns' Rule 12(b) Motions to Dismiss (Ct. Rec. 21)**

Defendants Tom and Jane Doe Brown seek dismissal of the Complaint on the grounds that they were improperly served and the Complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 4 sets forth requirements for service.  Rule 4(m) requires service to occur within 120 days of the filing of the complaint.  The plaintiff bears the burden of proving the adequacy of the challenged service of process.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Tom Brown[2] provided a declaration stating that he has not been served either personally or by leaving a copy of the summons with an adult at his residence. (Ct. Rec. 24.)   After being warned that service of process on the Browns may be insufficient, Plaintiff neither sought relief from the 120-day time period nor took steps to properly serve the Browns.  Because Plaintiff failed to prove that service occurred on the Browns and the 120-day service period has run, the Court finds service was inadequate and grants Defendants Browns' motion to dismiss for improper service.  *See McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 474 (M.D.N.C. 2004).

**III.  Defendants HEHF, Lawrence, Lowe, and Smick's Motion to Dismiss (Ct. Rec. 27)**

Defendants Hanford Environmental Health Foundation (HEHF), Shannti Lawrence, Danny Lowe, and Larry Smick contend that the Complaint fails to state a violation of Title VII of the Civil Rights Act, 42 U.S.C. §

---

[2]  The Browns were not listed in the case caption as Defendants, but were listed within the body of the Complaint.

ORDER ~ 3

2000e *et al.*, or the Americans with Disabilities Act, 42 U.S.C. § 12101 *et al.*

**A.    Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Bell Atl. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Id.*  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and must accept all material allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).  Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

**B.    Title VII**

Title VII provides protection to an "employee" as to that individual's "employer." An "employer" is a "person engaged in an industry affecting commerce who has 15 or more employees for each working day in each 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b); *See* 42 U.S.C. §§ 2000e-2 & 2000e-3; *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

ORDER ~ 4

1    These Defendants argue that they were/are not Plaintiff's employer
2 and, therefore, they do not owe Plaintiff Title VII protections.    The
3 Court agrees.  Plaintiff alleges Fluor "was the employer of the plaintiff
4 at all material times hereto." (Ct. Rec. 1-3 ¶ 13.)  Plaintiff does not
5 allege that he was or is an "employee" of the individual Defendants or
6 HEHF.  The Court finds that leave to amend the Complaint filed on August
7 21, 2006, would be futile, especially given Plaintiff's failure to file
8 an opposition notwithstanding the Court's numerous response-deadline
9 extensions.  Accordingly, Plaintiff's Title VII claims against HEHF, Ms.
10 Lawrence, Mr. Lowe, and Mr. Smick are dismissed.

11 **C.   Americans with Disabilities Act**

12    Under the Americans with Disabilities Act (ADA), "covered entities"
13 are precluded from discriminating against individuals with disabilities.
14 42 U.S.C. § 12112(a).  A "covered entity" is defined as an employer,
15 employment agency, labor organization, or joint labor-management
16 committee. 42 U.S.C. § 12111(5); *EEOC v. AIC Sec. Investigations, Ltd.*,
17 55 F.3d 1276, 1279 (7th Cir. 1995).  Because Plaintiff admitted in the
18 Complaint that Fluor is his employer and did not allege facts sufficient
19 to satisfy the "covered entity" requirement, these Defendants are not
20 covered entities under the ADA as to the allegations in Plaintiff's
21 Complaint.  Defendants' HEHF, Mr. Lowe, Ms. Lawrence, and Mr. Smick's
22 motion to dismiss the ADA claims is granted.

23 **D.   Negligent Infliction of Emotional Distress and Intentional**
24    **Infliction of Emotional Distress**

25    Health care professionals Mr. Lowe, Ms. Lawrence, and Mr. Smick,
26 along with HEHF, seek dismissal of Plaintiff's negligent infliction of

ORDER ~ 5

1  emotional distress (NIED) and intentional infliction of emotional
2  distress (IIED) causes of action on the grounds that Washington does not
3  allow for claims of NIED or IIED arising out of health care because such
4  claims are governed by RCW 7.70[3].   Defendants are correct that RCW
5  7.70.030 limits damage actions based on health care injuries.  *Branom v.*
6  *Washington*, 94 Wn. App. 964, 969 (1999).  In addition, in order to bring
7  a cause of action under RCW 7.70, the plaintiff must give notice of
8  intent to commence  a lawsuit within ninety (90) days of the alleged
9  professional negligence.  RCW 7.70.100(1)  Also, a "certificate of merit"
10 is to be filed at the time the lawsuit is commenced.  RCW 7.70.150.

11     Regardless of whether Plaintiff's claims against these individuals
12 and HEHF fit within the parameters of RCW 7.70, Plaintiff did not file
13 a certificate of merit and failed to provide evidence that he complied
14 with RCW 7.70's ninety-day notice requirement.  For these reasons,
15 Plaintiff's IIED and NIED claims are dismissed against HEHF, Mr. Lowe,
16 Ms. Lawrence, and Mr. Smick.

17 ///

18 ///

19 ───────────────────

20     [3]  In an action for damages for injury occurring as a result of
21 health care, the plaintiff must establish:

22     (1)  That injury resulted from the failure of a health care
             provider to follow the accepted standard of care;
23

24     (2)  That a health care provider promised the patient or his
             representative that the injury would not occur;
25

26     (3)  That the injury resulted from health care to which the
             patient did not consent.

RCW 7.70.030.

ORDER ~ 6

**E.    Conclusion**

For the above-given reasons, Plaintiff's claims against Defendants HEHF, Mr. Lowe, Ms. Lawrence, and Mr. Smick are dismissed.  Defendants' motion to dismiss is granted.

**IV.   Defendant United States' Motion to Dismiss (Ct. Rec. 35)**

The United States argues dismissal is proper because subject matter jurisdiction is lacking and Plaintiff fails to state an IIED claim against the United States.

**A.    Sovereign immunity**

An IIED claim against the United States is subject to the Federal Tort Claim Act (FTCA).  The FTCA waives the United States' sovereign immunity; however, compliance with the FTCA's statute of limitations "is a condition of that waiver." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).  The FTCA provides "an action shall not be instituted upon a claim against the United STates for money damages" unless the claimant first exhausts his or her administrative remedies. 28 U.S.C. § 2675(a). An administrative claim must be presented to the agency within two (2) years of claim accrual.  28 U.S.C. § 2401(b).  "[A] tort claim accrues at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120 (1989); *see Washington v. United Stats*, 769 F.2d 1436, 1438 (9th Cir. 1985).

The latest date mentioned in the Complaint is 2003.  More than two (2) years passed between 2003 and 2006, the year Plaintiff filed his Complaint.  It appears Plaintiff did not file an administrative claim because the Complaint alleges, "[The Union and Fluor's] failure to properly inform Hughes of all of his legal rights at time of termination

1  prevented time sensitive fling [sic] with Washington State Human Rights
2  Commission, Equal Employment Opportunity Commission, Americans with
3  Disabilities, Washington Department of Labor and Industries, Washington
4  employment Security Department, [and] U.S. Department of Labor." (Ct.
5  Rec. 1-3 ¶¶ 87 & 88.)

6       Courts have tolled statutes of limitations where excusable ignorance
7  of a filing deadline exists. *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d
8  1044 (9th Cir. 1987); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746 (1st
9  Cir. 1988). However, the Court will not do so here because in the
10 sixteen (16) months that have elapsed since the United States filed its
11 motion, Plaintiff failed to present any evidence to support equitable
12 tolling. Plaintiff neither asked the Court to toll the statute of
13 limitations nor provided facts to support a finding of excusable
14 ignorance. Accordingly, the Court finds Plaintiff failed to comply with
15 the FTCA's exhaustion requirement and the two-year period to do so has
16 run. Therefore, the FTCA does not waive the United States' sovereign
17 immunity for Plaintiff's claims

18 **B.   Conclusion**

19      Because the United States enjoys sovereign immunity as to
20 Plaintiff's claims, the Court lacks jurisdiction over the United States.
21 Therefore, Plaintiff's IIED claims against the United States are
22 dismissed under Federal Rule of Civil Procedure 12(b)(1).

23 **V.   Defendant 004 OCAW's Memorandum in Support of Motion for Summary**
24 **Judgment (Ct. Rec. 52)**

25      Defendant 004 OCAW, now named United Steelworkers Local 8-0369
26 (hereinafter, referred to as "the Union"), seeks summary judgment because

1  (1) Plaintiff's claim for breach of fair representation is time-barred

2  by the six-month statute of limitations in National Labor Relations Act

3  § 10(b) and (2) Plaintiff failed to present evidence to support his

4  allegation that the Union breached its duty of fair representation.

5      Actions for breach of the duty of fair representation are subject

6  to the six-month statute of limitations found in § 10(b) of the National

7  Labor Relations Act.  29 U.S.C. § 160(b); *DelCostello v. Int'l Broth. of*

8  *Teamsters*, 462 U.S. 151, 155 (1983).  This statute of limitations begins

9  to run once the employee knows or should know of the union action that

10 is the basis of the claim for breach of the duty of fair representation.

11 *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

12     Plaintiff claims the Union breached its duty of fair representation

13 during the grievance of his harassment, wrongful suspension, and wrongful

14 termination claims.  The Complaint fails to list dates associated with

15 the Union's conduct.  However, the Court takes judicial notice of the

16 fact that the arbitrator issued a decision on January 13, 2005.  (Ct.

17 Rec. 55 Ex. G.)  Following the decision, the Union withdrew the two other

18 grievances on January 25, 2005.  Even if Plaintiff was not aware of the

19 basis for the breach of the duty of fair representation claim against the

20 Union until January 25, 2005, the Court finds Plaintiff's claim is time-

21 barred because nineteen (19) months elapsed between January 25, 2005, and

22 the filing of this Complaint.  *See Wilkinson v. SIEU Local 1199NW*, 2007

23 WL 43839 (W.D. Wash. 2007).  Plaintiff did not present any evidence that

24 his late-filing was excusable.  Accordingly, the Union's motion is

25 granted; Plaintiff's claims against the union are dismissed as untimely.

26

ORDER ~ 9

1 **VI.  Defendants Fluor and Browns' Motion for Summary Judgment**[4]  **(Ct.**

2 **Rec. 58)**

3         Defendants Fluor Hanford, Inc. (Fluor) argues that summary judgment

4 is appropriate because (1) Plaintiff cannot establish that the Union

5 breached its duty of fair representation and therefore he cannot pursue

6 his § 301 Labor Management Relations Act (LMRA), 29 U.S.C. § 185, claim

7 against Fluor, and (2) Plaintiff's state law claims are preempted by

8 federal labor law.

9         The Court addresses the preemption argument first.  "[W]hen

10 resolution of a state-law claim is substantially dependent upon analysis

11 of the terms of an agreement made between the parties in a labor

12 contract, that claim must be either treated as a § 301 claim . . . or

13 dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*

14 *Corp. v. Lueck*, 471 U.S. 202, 220 (1985).   The Court finds that

15 Plaintiff's harassment, wrongful suspension, and wrongful termination

16 claims are substantially dependent upon the analysis of the HAMTC Labor

17 Agreement.  *See Stone v. Writer's Guild of Am. W.*, 101 F.3d 1312, 1314

18 (9th Cir. 1996).   Therefore, the Court treats Plaintiff's state law

19 claims as § 301 claims.  Because Plaintiff's § 301 claims against the

20 Union were dismissed as untimely, Plaintiff may not pursue § 301 claims

21 against Fluor, his employer, because he cannot prove that the Union

22 breached its duty of fair representation - a necessary element of a § 301

23 claim against an employer.  *See Conkle v. Jeong*, 73 F.3d 909, 916 (9th

24 Cir. 1995); *Stevens v. Moore Bus. Forms, Inc.*, 18 F.3d 1443, 1447 & 1449

25 ─────────────────

26         [4]  Because the Court dismisses the Browns based on inadequate

service of process, the Court only addresses Fluor's arguments.

ORDER ~ 10

1   (9th Cir. 1994); *Johnson v. U.S. Postal Serv.*, 756 F.2d 1461, 1467 (9th
2   Cir. 1985).

3                        **VII.   Conclusion**

4        For the reasons given above, **IT IS HEREBY ORDERED:**

5        1.   Defendants Browns' Rule 12(b) Motions to Dismiss **(Ct. Rec. 21)**
6   is **GRANTED.**

7        2.   Defendants HEHF, Lawrence, Lowe, and Smick's Motion to Dismiss
8   **(Ct. Rec. 27)** is **GRANTED.**

9        3.   Defendant United States' Motion to Dismiss **(Ct. Rec. 35)** is
10   **GRANTED.**

11        4.   Plaintiff's Motion to Deny Dismissals of Defendants from Civil
12   Action **(Ct. Rec. 49)** is **DENIED.**

13        5.   Defendant 004 OCAW's Memorandum in Support of Motion for
14   Summary Judgment **(Ct. Rec. 52)** is **GRANTED.**

15        6.   Defendants Fluor and Browns' Motion for Summary Judgment **(Ct.**
16   **Rec. 58)** is **GRANTED** (Fluor) **and DENIED AS MOOT** (Browns) **in part.**

17        7.   Judgment is to be entered in Defendants' favor **with prejudice.**

18        8.   This file shall be **closed.**

19        **IT IS SO ORDERED.**   The District Court Executive is directed to enter
20   this Order and provide a copy to counsel and Mr. Hughes.

21        **DATED** this __5th__ day of June 2008.

22

23                     _____s/ Edward F. Shea_____
                              EDWARD F. SHEA
24                       United States District Judge

25   Q:\Civil\2006\5063.dismiss.frm

26

ORDER ~ 11